IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN PEOPLES, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 19 C 7712 |
| v. ) ) | Judge Charles P. Kocoras |
| COOK COUNTY, and THOMAS J. DART, SHERIFF OF COOK COUNTY, ) ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants Cook County and Sheriff Thomas J. Dart, by their attorney, Elizabeth A. Ekl of Reiter Burns LLP, for their Motion to Dismiss Plaintiff's Complaint, state:

**INTRODUCTION**

Plaintiff filed this action in state court on September 26, 2019, and it was subsequently removed to the United States District Court, Northern District, Eastern Division, on November 22, 2019. (Dkt. #1). The complaint (Dkt. #1-1) asserts five separate federal and state law claims:

| | |
|---|---|
| Count I | §1983 – Violation of Fourth Amendment |
| Count II | §1983 - Violation of Fourteenth Amendment |
| Count III | Violation of Article I, Section 2 (Illinois Constitution) |
| Count IV | Violation of Article I, Section 6 (Illinois Constitution) |
| Count V | State Law False Imprisonment |

The complaint also seeks certification of the following class:

> All persons who, after being convicted of or pleading guilty to felonies, were sentenced to time considered served or time actually served, and for whom there was no legal right to detain, but were detained by the Cook County Sheriff's Office and re-incarcerated for processing and release from September 26, 2017 to the present.

Compl, ¶36. According to plaintiff, "This is an overdetention case." Compl, ¶1. As the basis for each of his claims, plaintiff alleges he was unreasonably detained by Defendants "after all legal justification for [his] continued detention ended." *See, e.g.*, Compl, ¶43. However, and contrary to the underlying premise of the entire action, the Circuit Court of Cook County ordered the Sheriff of Cook County ("the Sheriff") to take Plaintiff into custody and deliver him to the custody of the Illinois Department of Corrections ("IDOC") following his criminal conviction and sentence. For the reasons discussed more fully below, this action, brought solely against the Sheriff, and not IDOC, should be dismissed in its entirety. And even if plaintiff could circumvent or cure the deficiencies in his complaint to plausibly plead a claim for overdetention, Seventh Circuit case law is clear that class certification would be inappropriate for the type of claim being attempted.

## RELEVANT BACKGROUND

Plaintiff's complaint arises from his arrest and prosecution for felony offenses. (Compl, ¶20). On February 15, 2019, plaintiff appeared in court and pleaded guilty to possession of a controlled substance, a class IV felony punishable by between one and three years in IDOC. *See* Order of Commitment and Sentence (attached as Exhibit A); 2/15/19 Change of Plea Transcript, *People v. Peoples*, Case No. 18 C4 40164, Circuit Court of Cook County (hereinafter, "Transcript"), at 2-3 (attached as Exhibit B).[1] Following his guilty plea, plaintiff was sentenced by Judge Geary Kull to one year in custody of IDOC and ordered to serve one year of mandatory supervised release ("MSR"). Order, Exhibit A; Transcript, Exhibit B, at 6. Judge Kull also found

---

[1] This Court can and should consider these documents, which are judicially noticeable and provide information implicated by and essential to the allegations in the Complaint concerning plaintiff's criminal court proceedings. In ruling on a motion to dismiss, a court can consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1020 (7th Cir. 2013), quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012); *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012) (holding that public court documents are judicially noticeable).

2

plaintiff was entitled to receive credit for time actually served in custody for a total of 217 days, "considered served, actually served." *Id*. The Court also ordered "… the Sheriff take the [plaintiff] into custody and deliver him… to the Illinois Department of Corrections and that the Department take him… into custody and confine him in a manner provided by law until the above sentenced is filled." See Order of Commitment and Sentence (attached as Exhibit A).

According to the complaint, instead of being promptly processed and released by the Sheriff, plaintiff was "seized" in the courtroom, cuffed, held with other detainees, and transported back to Cook County Jail for processing. Compl, ¶¶ 24-27. Plaintiff alleges he was held at Cook County Jail for 72 hours until he was transported to IDOC's Stateville Correctional Center. Compl, ¶¶ 29-30. Plaintiff asserts he then underwent additional processing at Stateville, and he eventually was released around 8:00 p.m. on February 19, 2019, after spending over 100 hours in custody following his sentencing. Compl, ¶¶ 32-35.

## LEGAL STANDARD

In order to survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" the plausibility standard is not the same as probability and requires "more than a sheer possibility" that a defendant has acted improperly. *Id., quoting Twombly*, 550 U.S. at 555. A plaintiff can plead himself out of court by asserting facts that undermine the claims set forth in his complaint. *Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000), *citing Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

## DISCUSSION

1. **Plaintiff's Complaint Should be Dismissed in Its Entirety as it is Based on a Flawed Premise.**

The crux of plaintiff's complaint is that the Sheriff had no legal right to detain him following the sentence imposed and thus Plaintiff was "overdetained" by the Sheriff. Each count of the complaint is based on the fundamental premise that plaintiff was detained by Defendants after all legal justification for his continued detention ended. (Compl, ¶¶ 36; 43; 49; 55; 61; 64-66). However, as a matter of law, plaintiff's underlying premise is incorrect. Following imposition of the sentence by the criminal court, plaintiff was legally committed to the custody of IDOC. Each count of the complaint therefore fails to set forth a plausible claim for relief, warranting dismissal of the entire complaint.

    A. **The court order and sentence.**

The actual disposition of plaintiff's criminal case is critical to the analysis. Following his guilty plea, plaintiff was sentenced to one year in custody of IDOC and ordered to serve one year of MSR. Order, Exhibit A; Transcript, Exhibit B, at 6. Section 5-8-5 of the Unified Code of Corrections ("Code") provides that "Upon rendition of judgment after pronouncement of a sentence * * * the court shall commit the offender to the custody of the sheriff or to the Department of Corrections." 730 ILCS 5/5-8-5. That section "means that a defendant *comes into the legal custody of the Department* upon the entry of judgment on his conviction and sentence." *People v. Williams*, 239 Ill. 2d 503, 508 (2011) (emphasis added). Section 5-8-5 further provides, "A sheriff in executing an order for commitment to the Department of Corrections shall convey such offender to the nearest receiving station designated by the Department of Corrections." 730 ILCS 5/5-8-5. Plaintiff therefore came into the legal custody of IDOC immediately upon his conviction and sentencing by Judge Kull. The Court specifically ordered, "… the Sheriff take the [plaintiff] into

4

custody and deliver him… to the Illinois Department of Corrections and that the Department take him… into custody and confine him in a manner provided by law until the above sentenced is filled." Section 5-8-5 of the Code and the Circuit Court's order thus refute as a matter of law the premise that the Sheriff had no legal justification to detain plaintiff following his guilty plea and sentence.

Plaintiff's continued detention was legally justified, undermining the fundamental basis of each count in the lawsuit. The complaint should be dismissed in its entirety.

### B. IDOC has exclusive management of processing IDOC inmates onto Mandatory Supervised Release.

The Sheriff does not have the authority under state law to process and place criminal defendants ordered to the custody of IDOC on MSR. While missing from the allegations in the complaint, plaintiff was sentenced to one year of MSR. Order, Exhibit A; Transcript, Exhibit B, at 6. An individual placed on MSR remains in the custody of IDOC. *Holly v. Montes*, 231 Ill. 2d 153, 165 (2008), citing Section 3-14-2(a) of the Code (730 ILCS 5/3-14-2(a)) (IDOC "shall retain custody of all persons placed on parole or mandatory supervised release"). More importantly, under 730 ILCS 5/3-3-7, IDOC has sole legislative authority for managing and processing the release of IDOC inmates onto MSR. 730 ILCS 5/3-3-7(a) states:

> The conditions of every parole and mandatory supervised release are that the subject: … [] be evaluated *by the Department of Corrections* prior to release using a validated risk assessment and be subject to a corresponding level of supervision. … (emphasis added).

Subsection (c) reads:

> The conditions under which the parole or mandatory supervised release is to be served shall be communicated to the person in writing *prior to his or her release*, and he or she shall sign the same before release. A signed copy of these conditions … shall be retained by the person and another copy forwarded to the officer in charge of his or her supervision (emphasis added).

Given the MSR context, plaintiff's claims fail. The Sheriff was ordered to take plaintiff into custody and deliver him to IDOC. IDOC was required to release plaintiff from custody after evaluating him using a risk assessment, assigning him a level of supervision and communicating those conditions of release to him. As the Court order and statutes demonstrate, plaintiff's detention was *never* unjustified.

### C. IDOC calculates sentence credit.

Plaintiff also ignores that sentence calculation for defendants ordered to IDOC custody is to be determined by IDOC. "Prior to release, the committed person's master file shall be reviewed and sentence calculations shall be verified." Ill. Admin. Code Title 20, § 470.60(b)(1). "The Department of Corrections shall prescribe rules and regulations for awarding and revoking sentence credit for persons committed to the Department which shall be subject to review by the Prisoner Review Board." 730 ILCS 5/3-6-3(a)(1). Again, the process of calculating a sentence credit for purposes of a defendant's release is mandated by state law to IDOC. The foundation to plaintiff's lawsuit is that the Sheriff failed to set up a process to release plaintiff from the courthouse (Compl, ¶12), calculate his sentence by electronically communicating with IDOC (Compl, ¶13) and staff record keepers to immediately review IDOC sentences and release defendants from courthouses (Compl, ¶15). Plaintiff's complaint fails to acknowledge or understand the applicable statutes for processing the release of inmates sentenced to IDOC. Thus, plaintiff's repeated suggestion that the Sheriff was somehow required to maintain a system and staff to procure immediate release from the courthouse of convicted criminal defendants sentenced to IDOC custody and MSR is false and cannot support a lawsuit.

Counts I through IV are all based on the premise that the Sheriff had no legal right to detain plaintiff. Count V is based on the claim that the detention was unreasonable. Plaintiff in this case

6

was not acquitted in the criminal proceedings. The State did not dismiss all charges against him. He was convicted of a felony pursuant to his guilty plea. The Court ordered the Sheriff to take custody of plaintiff and sentenced plaintiff to be committed to the custody of IDOC. At that point, plaintiff was in legal custody. Plaintiff therefore cannot prevail on any of his claims because each one is based on the assertion he was detained without legal justification. Plaintiff's detention upon sentencing was legally justified, undermining the fundamental basis of his lawsuit. The complaint should be dismissed in its entirety.

> 2. **Even if Plaintiff Could State a Claim for Overdetention, Class Certification Would be Inappropriate.**

Assuming, *arguendo*, plaintiff could somehow remedy the flawed premise underlying his claims and state a plausible cause of action, this case would still be inappropriate for class certification. The Seventh Circuit decisions in *Harper v. Sheriff of Cook County*, 581 F.3d 511 (7th Cir. 2009), and *Portis v. City of Chicago*, 613 F.3d 702 (7th Cir. 2010), establish that claims asserting constitutional challenges to the length of delay before a detainee is released are not appropriate for class disposition.

In *Harper*, the plaintiff claimed the Sheriff was unconstitutionally holding detainees after bond had been posted. 581 F.3d at 514-15. As *Harper* explained:

> But the constitutionality of this detention depends on whether the length of the delay between the time the Sheriff was notified that bond had been posted and the time that the detainee was released was reasonable in any given case. [Citation omitted.] That is an individual issue that will depend on how long each detainee was held after bond was posted and what justifications there might be for the delay on that particular day or for that particular detainee – the time of day, whether the jail was processing an unusually large number of detainees at that time, whether other events occurring at the jail legitimately slowed processing times, whether the detainee's lack of cooperation delayed processing, etc. *See Lewis v. O'Grady*, 853 F.2d 1366, 1370 (7th Cir. 1988) (what is a reasonable time for detaining prisoner after grounds for detention have ceased depends on the facts presented in each case). *Liability, to say nothing of*

7

> *damages, would need to be determined on an individual basis. Thus, common issues do not predominate over individual issues, making this case inappropriate for class disposition.*

*Id*. at 515 (emphasis added).

In *Portis*, the plaintiff challenged the Chicago Police Department's allegedly unconstitutional detention of individuals arrested for non-jailable offenses when that detention exceeded two hours. 613 F.3d at 703. Adhering to the decision in *Harper*, the *Portis* court held: "Because reasonableness is a standard rather than a rule, and because one detainee's circumstances differ from another's, common questions do not predominate and class certification is inappropriate." *Id*. at 705. The *Portis* court concluded that, if the plaintiff ultimately was able to state a claim, it would have to proceed as a personal claim rather than as class litigation. *Id*.

As a preliminary matter, plaintiff's status in this case is significantly different from that of an unconvicted detainee who either posted bond (*Harper*) or was being held on a non-jailable offense (*Portis*). Plaintiff here was a convicted prisoner committed to the custody of IDOC following his conviction and sentence. As noted in the previous section, plaintiff's status as a legally detained prisoner should defeat his entire lawsuit, including the class action allegations.

But even if plaintiff could equate his circumstances to those of a detainee, *Harper* and *Portis* foreclose his ability to proceed by way of a class action lawsuit. Like the plaintiffs in those cases, plaintiff in this case is challenging the allegedly unreasonable amount of time he was detained before he was released. Plaintiff specifically complains he "spent over 100 hours in custody after he was sentenced for time served." Compl., ¶35.[2] Most of plaintiff's allegations focus on the allegedly unreasonable delay in his release. *See, e.g.*, Compl, ¶¶ 10, 14-16; 24; 27-

---

[2] More accurately, plaintiff was sentenced to one year in custody of IDOC and ordered to serve one year of mandatory supervised release. Judge Kull further found plaintiff was entitled to receive credit for time actually served. (Transcript, Exhibit B, at 6).

8

33; 35. As *Harper* and *Portis* establish, the constitutionality of plaintiff's detention will be assessed pursuant to a reasonableness standard. The reasonableness of his alleged detention therefore will depend on the specific circumstances involved in his case. *Harper*, 581 F.3d at 515 (*e.g.*, any justifications existing "on that particular day or for that particular detainee," including time of day, number of others being processed that day, other events occurring that legitimately slowed processing times, etc.). Other factors could include necessary administrative steps that needed to be taken, such as transportation, identity verification, processing, completing paperwork, and taking fingerprints. *See Lewis*, 853 F.2d at 1369-70; *see also* Ill. Admin. Code Title 20, §470.60(b)(1) ("Prior to release, the committed person's master file shall be reviewed and sentence calculations shall be verified" by IDOC). The issues of liability and plaintiff's damages, if any, both would need to be determined on an individual basis. *Portis*, 613 F.3d at 705 ("[O]ne detainee's circumstances differ from another's"). Accordingly, common issues can never predominate over the individual issues, making class certification inappropriate. *Id*.; *Harper*, 581 F.3d at 515.

Seventh Circuit precedent establishes that claims challenging the length of an allegedly unconstitutional detention are not appropriate for class disposition. Plaintiff's allegations seeking class certification should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendants, Cook County and Sheriff Thomas J. Dart, respectfully request that this Honorable Court enter an order dismissing plaintiff's complaint in its entirety, including the dismissal with prejudice of plaintiff's class action allegations, and for any other relief this Court deems appropriate and/or just.

9

Dated: January 8, 2020 	Respectfully submitted,

	By:  s/ Elizabeth A. Ekl
	One of the Attorneys for Defendants,
	Cook County and Sheriff Thomas J. Dart

Terrence M. Burns
Elizabeth A. Ekl
Paul A. Michalik
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
REITER BURNS LLP
311 South Wacker Drive, Suite 5200
Chicago, Illinois 60601
Tel: (312) 878-1297
tburns@reiterburns.com
eekl@reiterburns.com
pmichalik@reiterburns.com
kmorrison@reiterburns.com
dburns@reiterburns.com
dharris@reiterburns.com

## CERTIFICATE OF SERVICE

    I hereby certify that on January 13, 2020 I served the foregoing **Defendants' Motion to Dismiss Complaint** on all counsel of record via the Court's (ECF) electronic filing service.

                                              */s/     Elizabeth A. Ekl*